# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ROSENBERG,<br><br>    Plaintiff,<br><br>vs.<br><br>MERCK & COMPANY, INC., et al.,<br><br>    Defendants. | Case No. 2:12-cv-01759-JCM-NJK<br><br>REPORT OF FINDINGS AND RECOMMENDATION |

This matter is before the court on Plaintiff Robert Rosenberg's failure to comply with this Court's Order (Docket No. 6) and Order to Show Cause (Docket No. 12).

On February 12, 2013, the Court entered an Order (Docket No. 6) requiring Plaintiff to file a Certificate of Interested Parties in compliance with Local Rule 7.1-1 on or before February 26, 2013. The Order warned Plaintiff that his failure to comply "may result in the issuance of an order to show cause why sanctions should not be imposed." *Id.* Plaintiff failed to file his Certificate of Interested Parties and did not request an extension of time in which to do so.

On March 11, 2013, the court entered an Order to Show Cause (Docket No. 12) based on Plaintiff's failure to comply with the Court's previous Order. The Court directed Plaintiff to show cause in writing, no later than March 25, 2103, why he had not complied with the Court's previous Order. The Order to Show Cause advised Plaintiff that "[f]ailing to comply with the Local Rules of Practice, the Federal Rules of Civil Procedure, and the court's orders may result in sanctions, up to and including case-dispositive sanctions." Plaintiff failed to file a response to the Order to Show Cause and has not requested an extension of time in which to do so.

Plaintiff's willful failure to comply with the Court's Orders is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's

timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. The Certificate of Interested Parties is required for the Court to assess whether a conflict of interest exists which requires the assigned judge(s) to disqualify himself or herself. Sanctions less drastic than dismissal are unavailable because Plaintiff has wilfully refused to comply with multiple court Orders and the Local Rules.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** unless Plaintiff files the Certificate of Interested Parties no later than **April 11, 2013.**

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED March 26, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge